# Daughters of the American Revolution, Appellant, *v.* Pennsylvania Railroad Company.

*Deeds—Boundaries—Street—Vacation of street.*

Where the grantor in a deed describes one of the boundaries of the land as a street "as at present located by the city, of a width of sixty feet, but not yet opened," and reserves to himself the exclusive right to represent the land in all proceedings looking to the opening of the street thus described, and subsequently the city repeals the ordinance locating the street, the grantee in the deed has no interest or easement in the street, nor in the land within the line of the same as originally located, but never opened.

Argued Oct. 18, 1910. Appeal, No. 22, Oct. T., 1910, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Nov. T., 1904, No. 210, dismissing bill in equity in case of Daughters of the American Revolution of Allegheny County v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.

KENNEDY, P. J., filed the following opinion:

The object of this bill is to enjoin the defendant company from obstructing, by building or otherwise, within its lines, O'Hara avenue, a street located by the city of Pittsburg but never opened, and the ordinance for the location of which was subsequently repealed.

The material facts, which are undisputed, are as follows, viz.:

1. An ordinance of the city of Pittsburg, locating O'Hara avenue, sixty feet wide, from Water street to Sixth street, and running about midway between Penn avenue and Duquesne way, in said city, was approved October 9, 1892, a copy of which ordinance is attached to plaintiff's bill. From Water street to Third street this

avenue was located wholly on property then owned by Mrs. Mary E. Schenley, except where it crossed other open streets and alleys, and on it were a large number of buildings.

2. The plaintiff is a corporation organized under the laws of Pennsylvania, for the purpose, as expressed in its charter, of maintaining private parks in Allegheny county, Pennsylvania, in which to preserve the blockhouse built by Colonel Bouquet, now in the first ward of the city of Pittsburg and other archæological remains in said county, and for the purpose of perpetuating the historical associations surrounding the same, and promoting historical research.

3. By deed of gift, dated March 15, 1894, duly executed, delivered and recorded, Mrs. Mary E. Schenley conveyed to the plaintiff certain property therein described, upon which is located the blockhouse mentioned in the second paragraph of plaintiff's bill, for the purposes set forth in plaintiff's charter, as stated in said deed, a copy of which is attached to plaintiff's bill. In this said deed, the grantor, Mrs. Schenley, made the conveyance of the property known as the blockhouse property, subject to the right of herself to represent the said described property in all proceedings looking to the opening of O'Hara avenue and the vacation of Fort street and Point alley, her purpose, as stated therein, being to retain and reserve and not part with the right to petition the city of Pittsburg in behalf of said real estate to open said O'Hara avenue and to vacate said Fort street and Point alley; and stating also in said deed that she made the conveyance for the purposes of the corporation (plaintiff) named in the second finding above, "and for no other use or purpose whatever, the said Block House and premises to revert to the party of the first part thereto" (Mrs. Schenley) "and her heirs ipso facto upon the failure or neglect of the party of the second part" (plaintiff), "or its successors, to maintain and preserve them as aforesaid for the uses and purposes aforesaid."

4. An ordinance of the city of Pittsburg repealing the ordinance locating O'Hara avenue, as stated in the first finding above, was approved January 3, 1901. A copy of this repealing ordinance is attached to defendant's answer.

5. The deed mentioned in the third finding above, described the land conveyed as bounded, inter alia, by O'Hara avenue, as then located by the city of Pittsburg, of a width of sixty feet, but not opened, and reserved to the grantor, Mrs. Schenley, the right to petition the city of Pittsburg in behalf of the land conveyed to open said O'Hara avenue and to vacate Fort street and Point alley, which also bounded the land conveyed, as well as the other reservations mentioned in the third finding above, and more fully set forth in the said deed. And said Fort street and Point alley were subsequently vacated by the city of Pittsburg.

6. By deed dated February 12, 1902, duly executed and delivered and recorded, Mrs. Schenley conveyed to H. C. Frick, inter alia, the property situated in the First ward of the city of Pittsburg, bounded by Third street, Penn avenue, Water street and Duquesne way, including the blockhouse property, an interest in which had been heretofore conveyed to plaintiff, as stated in the third finding above; but "excepting and reserving from this conveyance such title and interest as she" (the party of the first part) "by deed dated March 15, 1894" (mentioned in the third finding above) "granted and conveyed to the Daughters of the American Revolution of Allegheny County, Pennsylvania" (the plaintiff) "in the following described lot or piece of ground, being included within the boundaries of the tract of land first above described," and then giving a description of the blockhouse property as conveyed to the plaintiff by deed of March 15, 1894, mentioned in the third finding above: "but including in the said conveyance all the right, title and interest which she, the said Mrs. Schenley, may have in and to the property included, inter alia,

in Fort street, Point alley and O'Hara street, for the vacation of which said streets and alleys ordinances have been passed by the councils of the City of Pittsburg and approved by the City Recorder."

7. By another deed, dated February 12, 1902, duly executed, delivered and recorded, Mrs. Schenley conveyed to H. C. Frick the property known as the blockhouse property, as described in the third finding above, subject to the interest in said property which she, the said grantor, conveyed to the plaintiff by deed referred to in the third finding above, but conveying "the reservations and all the right, title and interest of the grantor, Mrs. Schenley, of, in and to the lot or piece of ground, to said H. C. Frick."

8. Subsequently, the said H. C. Frick, by deed duly executed and recorded, conveyed to the defendant in this bill, all the property, rights, etc., conveyed to him by the deeds referred to in the sixth and seventh findings above, and the defendant took the title to said property, etc., with knowledge only of the right of plaintiff as contained in said deeds, and without notice or knowledge of any alleged right or easement of the plaintiff in or over O'Hara avenue, unopened, and the ordinance for the opening of which had been repealed.

9. The blockhouse property of plaintiff has now access to it by a twenty-foot strip of ground fronting on Penn avenue, conveyed to plaintiff by deed mentioned in the third finding above. Note: This was admitted by the plaintiff on the trial of this case.

### DISCUSSION.

The plaintiff claims an easement of passage, sixty feet wide, from Third street to Water street, over what was formerly O'Hara avenue, as located by the city of Pittsburg but never opened, and the ordinance for the location of which was subsequently, and before Mrs. Schenley conveyed to H. C. Frick, repealed. This claim is based, first, upon the language of Mrs. Schenley's deed

to the plaintiff, and also upon oral testimony and letters offered in evidence as tending to show Mrs. Schenley's intentions; all of which were objected to by the defendant's counsel. This oral testimony and these letters were admitted subject to these objections, their competency to be subsequently passed upon.

We now find them to be incompetent and that they should be stricken out for two reasons:

1. Mrs. Schenley's intentions are to be gathered from her deed to the plaintiff, and all prior communications are merged in that deed.

2. Defendant took title without any notice of these matters, none having been averred or proven.

So that plaintiff's claim must depend entirely on its deed from Mrs. Schenley. And in considering this, attention is called to certain dates:

1. The ordinance locating O'Hara avenue was approved October 19, 1892.

2. Mrs. Schenley's deed to the plaintiff bears date March 15, 1894.

3. The ordinance repealing the ordinance locating O'Hara avenue was approved January 3, 1901.

4. The two conveyances made by Mrs. Schenley to H. C. Frick bear date February 12, 1902; and subsequently H. C. Frick made his conveyance to the defendant.

The ordinance locating O'Hara avenue, passed October 19, 1892, merely created a paper or plotted street, and was entirely the act of the city of Pittsburg, with which Mrs. Schenley had nothing whatever to do, and which street she never recognized as an existing or opened street. The deed of Mrs. Schenley to the plaintiff, which bears date March 15, 1894, was a deed of gift, and in the description of the property conveyed uses very accurate language in reference to the streets and avenues bounding the property, recognizing Penn avenue, First street, Third street and Fort street as existing streets, while as to O'Hara avenue the language is different, but quite as accurate and specific: "On the southerly side of O'Hara

avenue as at present located by the City of Pittsburg, of a width of sixty feet, but not yet opened."

Attention also is called to the significant language used by Mrs. Schenley in the reservation in this deed to plaintiff. She reserves to herself the exclusive right to represent Fort street and Point alley in proceedings to vacate them, because they were at the time existing, opened streets; while as to O'Hara avenue, she reserves the exclusive right to represent the land in all proceedings looking to the opening of O'Hara avenue. There was nothing to vacate as to O'Hara avenue; hence the appropriateness of the language.

Why this precise and unmistakable language with reference to O'Hara avenue? Plainly because she owned the balance of the property, and her buildings, of which there were a large number, were located within the lines of this projected street. Is it at all likely that Mrs. Schenley should have intended to convey to plaintiff, without any consideration, any right or control over this unopened street which would affect so vitally her other property? Her language shows that she intended the plaintiff, to whom she was giving the blockhouse property, should have no rights as to O'Hara avenue, which was an unopened street and might never be opened, and that instead of giving the plaintiff the right of an abutter, her purpose was to reserve such right exclusively to herself in case the street was ever opened.

Easements granted by conveyances calling for a street as a boundary are based upon the ground of implied estoppel. The grantor in his deed declaring the existence of a street is estoppel to deny it; but in all such cases there must be a street corresponding with that described in the conveyance, and in all the cases cited by the plaintiff in which an easement was declared, created by such description, the instrument described the street as existing. This is not done here. Mrs. Schenley states that O'Hara avenue is only located by the city of Pittsburg, not by her, and is not yet opened and may never be

opened; but in case there be proceedings for its opening, she reserves all right to represent the land in that proceeding. She says nothing about the repeal of its location, as that matter was wholly within the control of the city and this control was exercised when, on January 3, 1901, the city passed its ordinance repealing the location of O'Hara avenue. O'Hara avenue never actually existed as a street, and its location was thus wiped out.

Then followed, on February 12, 1902, the deeds of Mrs. Schenley to Mr. Frick, and later the conveyance of Mr. Frick to the defendant. In the deeds of Mrs. Schenley to Mr. Frick she uses the same careful and appropriate language with reference to O'Hara avenue as in the deed to plaintiff, and conveys to Mr. Frick not only the property, but all rights reserved in her deed to plaintiff; and there is nothing in them to sustain the plaintiff's claim that a right to an easement was created. On the contrary, the language used by Mrs. Schenley and the circumstances attending the conveyances completely negative the implication of such a grant or creation. These positions are fully sustained by Bellinger v. Union Burial Ground Society, 10 Pa. 135, and Neely v. Phila., 212 Pa. 551.

Our conclusions of law are:

1. The plaintiff has no interest or easement in O'Hara avenue, or in the land within the lines of the same as originally located, but never opened.

2. That this bill must be dismissed at plaintiff's costs.

Let a decree be drawn accordingly.

*Error assigned* was the decree of the court dismissing the bill.

*Samuel A. Ammon,* with him *Edward B. Scull* and *A. M. Imbrie,* for appellant.—Where a grantor of land bounds it by a street laid down upon a city map, as though said street were then an existing highway, though in part it is not opened as such, the grantee is entitled as against

the grantor and his assigns to have the street kept open to its full width: White v. Tide Water Oil Co., 50 N. J. Eq. 1 (25 Atl. Repr. 199); Carroll v. Asbury, 28 Pa. Superior Ct. 354; Wickham v. Twaddell, 25 Pa. Superior Ct. 188.

As between vendor and vendee, the description in the instrument of lands bounded on a highway is a dedication whether they be opened to public use or not: Paul v. Carver, 24 Pa. 207; Cox v. Freedley, 33 Pa. 124; Trutt v. Spotts, 87 Pa. 339; In re Lehigh St., 81* Pa. 85; Patterson v. Harlan, 124 Pa. 67; In re Brooklyn St., 118 Pa. 640; Dawson v. St. Paul Fire & Marine Ins. Co., 15 Minn. 136; Hawley v. Baltimore, 33 Md. 270; Hall v. Baltimore, 56 Md. 187; Booream v. Ry. Co., 40 N. J. Eq. 557 (5 Atl. Repr. 106).

The repeal by the city of the ordinance locating O'Hara avenue was without effect on the rights of plaintiff: Hancock v. Phila., 175 Pa. 124; Plitt v. Cox, 43 Pa. 486; Black v. Ry. Co., 34 Pa. Superior Ct. 416; Saccone v. West End Trust Co., 224 Pa. 554.

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* for appellee.—Neely v. Phila., 212 Pa. 551, and Bellinger v. Union Burial Ground Society, 10 Pa. 135, rule this cause for the appellee.

PER CURIAM, January 3, 1911:

The decree dismissing the plaintiff's bill is affirmed on the opinion of the learned president judge of the common pleas.